Speaking only for myself, here is my concern. These plaintiffs are not retired, or at least they were not at the time of the filing of the complaint. They could, in theory, be laid off. They could find new jobs. They could die. The city could change its policy before they retire. Why isn't it entirely speculative whether the policy would apply to these folks? I can only respond based upon the complaint, because it wasn't a factual record developed, but the complaint alleges that there was a continuing practice since 1990. That doesn't mean it would apply to them individually. God forbid they could all have been killed in a plane crash, and they would never have been retired. This issue would never be alive with respect to them. It's certainly possible that anything could happen with respect to any of the plaintiffs, but I think that would be true in any kind of injunctive relief situation where somebody is alleging a future injury. Well, not if the policy had already, in the next case, the policy already applies to some of those folks. They have retired. The requisite 60 days or whatever it is has elapsed, and therefore, something concrete has happened to them so that even if they go away, they have a claim that is real, that is existing, that could go forward. I guess I have difficulty seeing how that's true in this situation. Well, let me explain the factual context, which I think helps with that issue. The factual context is that the city has to enter into subscription agreements with health insurance providers, and those subscription agreements either do or do not provide an election to continue health insurance coverage upon retirement. If the city enters into those subscription agreements, it does affect people like Bova, and the allegations in the complaint are that Bova are on the eve of retirement. He is close to the age when he could, at the time the complaint was filed, elect. Also, you still have to get back to the fact that somebody has to have standing here. Now, the next case is a different issue because those folks have retired, but as Judge Graper indicated here, you've got somebody who, I'm interested in the concept that this guy is of retirement age. That may change the equation with respect to him, but with respect to the class of people similarly situated, these are people that arguably don't even have standing here. Whatever the policy is, the reality is they haven't been affected by it yet, and as Judge Graber explained, if they, God forbid, something happens to them, they leave the city, they get killed, whatever, it never applies to them. We don't have the ability to adjudicate an advisory situation. We have to have real live people with real live problems. How do these people satisfy that requirement? Well, as I indicated in the letter brief when the court raised the issue, there's a constitutional component and a prudential component. They don't have the standing. Who's been injured here? Who gives you standing? I realize you have the components of the case, but why do these people satisfy the standing issue? Both BOVA and the class satisfy the standing issue. It was filed as a class action, that's correct. It was not certified. The judge entered an order precluding any activity on it until the state law issue was addressed, and going back to the question of who has standing, I believe that any of the employees, and certainly BOVA has standing. Do I have standing as a potential employee of the city? I don't think that you would have standing, however, it's very clear that the city of Medford will have employees. But it doesn't have to be these folks. Some of these folks will be there upon retirement. How do you know? I know that. The city could go broke. I don't wish this on anybody, but in the current climate, it's possible that all of these plaintiffs might be laid off. It's possible that all of them... Bankrupt cities in California. As I understand the test for rightness, the court looks at whether the history of injuries, the history of violations... But nobody has been injured, in fact, in this group, because none of them has retired, and none of them has actually had this policy affect them. To obtain an injunction, you don't need to have an individual who has actually had their rights violated. Here, there is a threatened injury. Any case to that effect, a federal case, show me a federal case where you can get an injunction... Without any injury. Seeking the injunction as no interest in the case, in effect, there's no standing. Well, I dispute that these folks don't have an interest in the case. They have a very real interest in the case. How have they been injured? Why are these particular plaintiffs entitled to an injunction? There's BOVA for employees who were in units of the city where they provided health insurance that continued upon retirement. They received member handbooks promising that. For people in BOVA's situation, who is in management... You're talking about the merits, though. I'm trying to get to the issue of the standing. You're arguing that there's a detrimental reliance and that they are currently in place and are staying in place only because they have the prospect of retirement benefits. Well, many of them would, for sure. That's not pleaded in the complaint in that fashion, though. Well, I think that what we pleaded in the complaint is that BOVA, that there's a continuing practice and BOVA will be irreparably injured by that practice. In the real world, there's no standing issue in Doyle because those folks have retired and some of them, it's clear that they have standing. So in the real world, if Doyle goes forward and assuming it's successful, what's the necessity? I mean, maybe it's just a strategic question, but what would be the necessity of this case going forward? Wouldn't that... The Doyle plaintiffs can't get injunctive relief. They can't. There is no way for them to get it. But if the practice is declared unlawful, doesn't that really have the same effect? I don't believe that it does. Absent an injunction from the court, this practice has continued at this city for now 18 years. Well, there's never been a final appellate decision anywhere saying what they have to do under this statute. But over 18 years, people have been retired from the city of Medford and been denied a right promised to them under the statute. In the Doyle case, these folks... We'll get to the Doyle case, but... He retires, he loses his insurance, and he can't get it back. And that's the threat of injury. I understand. I understand your position. So, you know, there is a very threatened real injury. And additionally, these folks aren't given notice, weren't given notice, when the change occurred that they were losing their 243303 rights. So there is a substantial potential that folks who are near retirement, they go beyond... They're retired, they lose their group coverage, you can't get it back. And so it's very real. Thank you. Thank you. Mr. Franz? Thank you, Your Honor. Now, I understand what your concern is. I mean, I think there... The position I think the court has taken is going to be consistent with what position you're going to take in Doyle as to when the statute of limitations starts. So I agree with you that these people can leave at any time. Is there a mandatory retirement age? And is it clear from the complaint whether any of the plaintiffs in this action has reached that point? There's no mandatory retirement age, but outside of the record, Bob has already retired. No, don't. All right. Nothing outside of the record. But just from the face of it, we wouldn't be able to determine that someone would necessarily have reached retirement age, it sounds like, because it's not mandatory. Correct. What impact, if any, does the fact that Bova, I don't know if it's him or her, has reached retirement age and could retire imminently have on this issue? On this that he could retire? Yeah. In other words, in terms of the standing issue, the fact that Bova, he or she has reached retirement age and could apparently by signing or saying, I quit, I'm retiring. Is that an established fact? In the record in terms of the... Has reached retirement age. The letter that came to us... Okay. Not in the complaint. Bova's a male, by the way. Yeah. Okay. It's the letter dated 26 from Mr. Bichetto. The plaintiffs are between 40 and 70, and they do allege their birth dates in the complaint in paragraph section 2.2. And his birth date was October 15, 1952, and Ms. Scudder five years younger. But since there's no mandatory retirement age, it doesn't necessarily follow that they would have stayed with the city until retirement or that they were ready to retire. Correct. I think your concern is right. They can leave or not even seek retirement with the city of Medford. When you responded to our issue about the mootness and standing, you didn't seem to be concerned about this issue. Are you concerned at this point, or do you feel like the plaintiffs that this is not a big deal? Yeah. I'm not... I didn't understand what you're trying to get at when you say ripeness. Because when you say ripeness to me, I say there's no ripeness on an age discrimination act. There's no ripeness on due process. I didn't understand... This is an Article 3 question. Do we have the authority to adjudicate it? Because if there's not a real controversy in front of us, we're not allowed to tell you what we think. So that's our concern. Yeah, and I didn't understand that. I was looking more in an abstract world for ripeness. This is an issue that's instructive for all these law students out here that have had procedure that in a federal court, if there's no case in controversy, you're out. So that's what we're really talking about here, and that's what I'm asking you is why, if you take this position still, why does Mr. Boba, right? Mr. Boba have standing to bring this lawsuit in federal court? Do I have to tell these students that I've got to see if you want this at all? I think they're listening. I think they're listening. So that's... You're asking an average student here. I'm not concerned about it because I'm ready to take on the merits of this whole situation. You have to understand that we have no authority to hear the case. I think he's punting to us, Deb. Stay tuned. So I didn't have anything else to add. Okay. Thank you. On this issue, I think, Will, you exceeded your time, but it looked like you want about 30 more seconds. I would just point out that the fact that Boba is eligible to retire means that at any point, even if he were laid off or left the city, he could elect to retire. He could elect to take retirement because he would qualify, and therefore he has the choice of, at any point in time, being entitled to. Why wouldn't he then be a better plaintiff in the Doyle action at that point? Well, at the point that he does retire, then he would have a damage claim. But it kind of puts Boba in the position where the only time when you could actually file a claim would be in that narrow 60-day period between the date of your retirement and... This is your injunctive relief point. You've got to have a Boba to get injunctive relief. Correct. And I think that all we need is somebody who is retirement age, and Boba fits that. Thank you, Counsel. The case just argued is submitted, and we'll move right along to the related matter of Doyle versus the City of Medford, and after which we'll have the advertised 10-minute break. So, Mr. Bruchetta, you're up. Thank you, Your Honor.
judges: Graber, Fisher, Smith